

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 19, 1974

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 N. Lamar Blvd
Box 4087
Austin, Texas 78773

Opinion No. H- 263

Re:  Effect of Federal Fair
      Credit Reporting Act
      on Obligation of DPS
      under Open Records Act

Dear Colonel Speir:

You have asked us about requirements of the Federal Fair Credit Reporting Act that could be construed to conflict with the responsibility of the Department of Public Safety under the state Open Records Act.

You have called our attention to an interpretation of the Federal Fair Credit Reporting Act published by the Federal Trade Commission in 16 C. F. R. § 600.4, which classifies a state motor vehicle department as a "consumer reporting agency" within the meaning of the Federal Act if it sells reports containing information bearing on the personal characteristics of a consumer.

You advise that the Department of Public Safety, in the event the FTC interpretation is to be followed, has at least two types of reports which would be affected: (1) driver's license records of individuals, and (2) accident reports. You ask:

> "(1) Must the Texas Department of Public Safety discontinue making available to users traffic records more than seven (7) years old including records of convictions for traffic offenses including driving while intoxicated?
>
> "(2) Must the Texas Department of Public Safety require prospective users of information to identify themselves,

> certify the purpose for which the information is
> sought, and certify the information will be used for
> no other purpose? "

The Open Records Act adopted by the Texas Legislature in 1973 (Art. 6252-17a, V. T. C. S.) specifies that, with certain exceptions, "All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance, or in connection with the transaction of official business is public information and available to the public. . . . " [§ 3(a)]. There is no provision that such information loses its public character after a lapse of time.

The Open Records Act also prohibits the custodian of public records from making any inquiry about the purpose of the request or the use to which the information will be put (§ 5b).

On the other hand, the Federal Fair Credit Reporting Act (15U. S. C. 1681, et seq.) requires that "consumer reporting agencies" furnish "consumer reports" only for specified purposes to specified persons. A "consumer reporting agency" is defined as "any person, which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . . ," The term person" is defined to include "government, or governmental subdivision or agency, or other entity." The term "consumer report" is defined, with certain exceptions, to mean "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part" to serve as a factor in establishing the consumer's eligibility for credit or insurance for personal or family purposes, employment purposes, or other authorized purposes. None of the stated exceptions necessarily apply to information collected by the Department of Public Safety.

The Federal Act forbids the disclosure of certain information in "consumer reports" after the lapse of various periods of time (15 U. S. C. 1681c) and requires prospective users of information to certify the purpose for which it will be used (15 U. S. C. 1681e).

If the published FTC interpretation that state agencies such as the Department of Public Safety are "consumer reporting agencies" were to be accorded the effect of law, the Supremacy Clause of the Federal Constitution (Art. 6, cl. 2) would obviate any further inquiry.   Where commerce is within the federal sphere of control, state legislation which conflicts with the federal law must give way.   See 72 Am. Jur. 2d, States, Territories, and Dependencies, § 16 et seq.   But here we are free to examine the question because the agency interpretation does not have that effect.   See 15 U. S. C. 1681s(a).

The interpretation discussed above is one of six interpretations adopted by the FTC and published in the Federal Register for February 23, 1973, vol. 38, no. 36, p. 4945.   They appear as 16 C. F. R. § § 600. 1 through 600. 6.   In the preamble to their publication, it is said:

> "These final interpretations are issued pursuant to
> § 1. 73 of the Commission's procedures and rules of
> practice. . . . *** The interpretations are not sub-
> stantive rules and do not have the force and effect of
> statutory provisions.   They are guidelines intended
> as a clarification of the Fair Credit Reporting Act,
> and, like industry guides, are advisory in nature. "
> See 16 C. F. R. 1. 71 through 1. 73.

Our examination of the question leads us to conclude that the Texas Department of Public Safety is not a "consumer reporting agency" within the meaning of the Federal Fair Credit Reporting Act, and that, consequently, both your questions should be answered in the negative.

The Department of Public Safety does not regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information on consumers "for the purpose of furnishing consumer reports to third parties. "   Though the information it collects and evaluates for governmental purposes may perhaps be used by others for other purposes, that possibility has nothing to do with its collection, assembly, or evaluation by the Department, which would collect, assemble and evaluate it in the same way even if it had no consumer credit utility.

The FTC observed but did not formally recognize this distinction in formulating another of the six interpretations published on February 23, 1973. In 16 C.F.R. 600.6 (as modified, 38 F. Reg. No. 46, p.6384, 1973), the FTC declared that "reporting activites of Federal agencies such as the Civil Service Commission will not be included within the scope of the Commission's Fair Credit Reporting Act enforcement program." The principal reason given by the FTC for that construction is that "the legislative history of section 603(d) [15 U.S.C. 1681a(d)] indicates that the language was intended to refer to commercial enterprises engaged in mutually beneficial exchanges of information." 16 C.F.R. 600.6(c).

Moreover, another of the interpretations published that day [16 C.F.R. 600.2(c)] held certain communications to be outside the Fair Credit Reporting Act definition of "consumer report" because, it was said, "the information was neither collected for consumer reporting purposes nor can it reasonably be anticipated that it will be used in connection with a legitimate business transaction with the persons reported upon." This interpretation concerned "Protective Bulletins" issued by trade associations and others consisting of lists of consumers who have issued worthless checks or who for some reason may not be credit worthy, etc.

The inconsistency of the FTC interpretations is inexplicable, but we are of the opinion, in any event, that the Texas Department of Public Safety is not a "consumer reporting agency" within the meaning of the Federal Fair Credit Reporting Act. There is no conflict between the obligations imposed upon the Department of Public Safety by the Texas Open Records Act and any provision of the federal act, because, in our view, the federal act does not apply to the Texas Department of Public Safety. A congressional intent not to interfere with state laws except where an inconsistency exists with the federal act is expressly stated in 15 U.S.C. 1681t.

We point out that even though the Department of Public Safety is not to be considered a "consumer reporting agency" under the federal act, those persons who use (for consumer credit purposes) information received from the Department are charged with certain duties by the federal law [15 U.S.C. 1681m(b)]. Failure to discharge these duties will subject the user to penalties.

## SUMMARY

The Texas Department of Public Safety is not a "consumer reporting agency" within the meaning of the Federal Fair Credit Reporting Act (15 U.S.C. 1681).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee